IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ULA L. AMOS and | § | |
| ARIEL LEDET | § | |
|     *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | (JURY TRIAL DEMANDED) |
| | § | |
| RANDALL A. WALLER and | § | |
| PASCHALL TRUCKLINES INC. | § | |
|     *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ULA L. AMOS and ARIEL LEDET, Plaintiffs, complaining of RANDALL A. WALLER and PASCHALL TRUCKLINES, INC., Defendants, and for cause of action would respectfully show this Honorable Court and Jury as follows:

### I.
### PARTIES

1. Plaintiff ULA L. AMOS is a resident of Harris County, Texas and a citizen of Texas. Plaintiff brings this action pursuant to any and all remedies and/or capacities available at law or equity.

2. Plaintiff ARIEL LEDET is a resident of Harris County, Texas and a citizen of Texas. Plaintiff brings this action pursuant to any and all remedies and/or capacities available at law or equity.

3. Defendant RANDALL A. WALLER (hereinafter WALLER) is a natural person and a resident and a citizen of Tennessee. Defendant WALLER may be served with citation at

1

his residence, 1092 Vaughn Crest Drive, Franklin, Tennessee 37069 or wherever he may be found. Plaintiffs request citation for service upon Defendant WALLER at this time.

4. Defendant PASCHALL TRUCKLINES INC (hereinafter PASCHALL) is a Kentucky corporation with its principal place of business in Murray Kentucky. Defendant PASCHALL is not registered with the State of Texas and is not licensed to do business in Texas. Defendant PASCHALL is an interstate commercial motor carrier and operates on the roads and highways of Texas. Plaintiff has been given two different names for registered agents. Therefore, Defendant PASCHALL may be served with citation through its Texas process agent Douglas Fletcher, located at 9201 North Central Expressway, suite 600, Dallas, Texas 75231. Defendant may also be served though its registered agent Albert S. Ilva, located at 12350 Mercantile Avenue, El Paso, Texas 79928 or wherever it may be found. Plaintiff requests citation for service upon Defendant PASCHALL.

## II.
## JURISDICTION AND VENUE

5. Jurisdiction is proper in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332. Venue is proper pursuant to 28 U.S.C. §§ 1391 in that the events giving rise to the present litigation occurred in Harris County, Texas located within the Houston Division of the Southern District of Texas.

## III.
## FACTUAL BACKGROUND

6. On or about April 27, 2015, ULA AMOS was giving ARIEL LEDET a ride to her place of employment, the restaurant Popeye's. While passing by the restaurant, Plaintiff LEDET called her manager, Cheryl Charles, at the store and told her that she would be a few minutes

behind as Plaintiff AMOS needed to first travel to the nearby bank. This call prompted Ms. Charles to look out of the window. At that time, she saw a commercial motor vehicle exit the parking lot and take a left turn on Market Street. She then heard the vehicle make contact with Plaintiffs and push their vehicle off of the road and into a tree.

7. When a police officer from Jacinto City Police Department arrived, he did not record any information regarding the driver of the commercial motor vehicle or any identifiers for the truck or trailer. The officer then drew a diagram that was inaccurate as to the witnesses located at the scene.

8. Plaintiff sustained significant injuries due to the accident and have incurred medical expenses in addition to the total loss of 2010 Nissan Rogue owned by Plaintiff Amos.

9. At all times relevant to the present litigation, Defendant WALLER was the owner of the trailer that displayed a license plate of U234365.

10. At all times relevant to the present litigation, Defendant PASCHALL was the lessee of the trailer that displayed a license plate of U234365 which was involved in the collision.

11. At all times relevant to the present litigation, the motor vehicle made the basis of the present litigation was subject to the control of Defendants WALLER and/or Defendant PASCHALL.

12. On April 27, 2015, the driver of said commercial motor vehicle was acting within the course and scope of his or her authority or duties to Defendant WALLER and/or PASCHALL when driving the commercial motor vehicle on block number 10900 of Market Street.

13. Defendants, while operating the motor vehicle, were negligent in many respects, each of which singularly or in combination with others, was the proximate cause of the occurrence in question. As a result of Defendants' negligence, singularly or in combination with others, Plaintiffs suffered serious physical injuries.

14. Defendants PASCHALL and/or WALLER, in their individual capacity and as the driver's employer, were negligent in many respects, each of which singularly or in combination with others, was the proximate cause of the occurrence in question.

15. Due to the actions of Defendants, Plaintiffs have been damaged in an amount that exceeds the minimum jurisdictional requirements of this Court.

## IV.
## CAUSES OF ACTION

16. Plaintiff fully incorporates herein by reference the allegations contained in paragraphs 1 through 15.

17. At the time and on the occasion in question, being on or about April 27, 2015, Defendants failed to use ordinary care by committing various acts and/or omissions which were negligent in many respects which singularly or in combination, was the proximate cause of the occurrence in question including, but not limited to:

   a. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to properly brake while driving his vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

   b. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to take the proper evasive action to avoid a collision with another vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

   c. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to turn his

vehicle so that he may avoid collision with Plaintiff.  Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

d. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to keep his vehicle under proper control.  Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

e. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to maintain attention, keep a proper lookout and not be distracted.  Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

f. Defendants had a duty, and failed in that duty, to drive in a single lane.  Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

g. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to not drive while fatigued or asleep.  Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

h. Defendants had a duty, and failed in that duty, to operate in accordance with the laws, ordinances and regulations of the jurisdiction in which he is operating.  Defendants' failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

i. Defendants' had a duty, and failed in that duty, not to operate a commercial vehicle when his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to continue to operate a commercial motor vehicle.  Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

j. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in selecting, hiring, retaining, overseeing, supervising and/or training drivers of the 18 wheeler in question. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

l. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in selecting, hiring, retaining, overseeing, supervising and/or training employees

and/or joint operators. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

m. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that drivers of 18 wheelers owned and/or controlled and/or subject to the control of the Defendant followed and/or abided by all governmental statutes, laws and regulations. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

n. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that employees and/or others controlled by and/or subject to the control of the Defendant followed and/or abided by all governmental statutes, laws and regulations. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

o. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to abide by all government statutes, laws and regulations which define the standard of conduct of a reasonable and prudent owner, carrier and/or operator of an 18 wheeler such as the one made the basis of the present litigation. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

p. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that the operator of the 18 wheeler followed and/or abided by all policies and procedures promulgated and/or implemented by Defendant. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

q. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in promulgating, implementing and/or enforcing safety standards and procedures. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

r. Defendants had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to ensure that Defendant MORAZAN operated the 18 wheeler in question safely and appropriately. Defendants' failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff; and/or

s. Defendants had a duty, and failed in that duty, to not let employees or others under its control operate a commercial vehicle when his/her

>ability or alertness is so impaired or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to continue to operate a commercial motor vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff.

18.     Plaintiff would further show that Defendants WALLER and/or PASCHALL violated statutes, laws and/or regulations, including but not limited to, Sections 390, 391, and 392 of the Federal Motor Carrier Safety Regulations and Section 542 of the Texas Transportation Code including, but not limited to, 542.302 and 543.303, which define the standard of conduct of a reasonable person. Violation of these statutes, laws and/or regulations is *negligence per se* and these violations proximately caused injuries and damages to Plaintiff.

19.     Plaintiff would further show that Defendants WALLER and/or PASCHALL violated statutes, laws and/or regulations including, but not limited to, Sections 390, 391, and 392 of the Federal Motor Carrier Safety Regulations and Section 545 of the Texas Transportation Code, including but not limited to 545.058, which define the standard of conduct of a reasonable person.  Violation of these statutes, laws and/or regulations is *negligence per se* and these violations proximately caused injuries and damages to Plaintiff.

20.     The Plaintiff did not cause or contribute to the collision in question, but rather the negligence and/or *negligence per se* of the Defendants proximately caused the occurrence in question.

21.     By reason of the above and foregoing, the Plaintiffs have been damaged in an amount within the jurisdictional limits of this Court. The Plaintiff also prays for costs of court and pre and post judgment interest as allowed by law.

## V.
## VICARIOUS LIABILITY

22.     Whenever in this Complaint it is alleged that the Defendants did any act or thing, it is meant that the Defendants' agents, officers, servants, principals, vice principals, borrowed servants, employees and/or representatives did such act or thing and that at the time such act or thing was done, it was done with the authorization and/or ratification of Defendant WALLER and/or PASCHALL and/or was done in the normal and routine course and scope of Defendant's officers, agents, servants, principals, vice principals, borrowed servants, employees and/or representatives' duty and/or capacity.  Defendant are WALLER and/or PASCHALL are vicariously liable for the acts of their officers, agents, servants, principals, vice principals, borrowed servants, employees or/and representatives because of the employer-employee and/or principal/vice principal relationship, *respondent superior*, ostensible agency and/or agency by estoppel, and/or the borrowed servant doctrine.

23.     At all times relevant to the present litigation, the 18 wheeler was owned, leased and/or subject to the control of Defendant WALLER and/or PASCHALL.  At all times relevant to the present litigation, Defendants' driver was an employee and/or subject to the control of Defendants WALLER and/or PASCHALL. At all times relevant to the present litigation, Defendants' driver was subject to the rules, policies and procedures of WALLER and/or PASCHALL.  At all times relevant to the present litigation, Defendants WALLER and/or PASCHALL was responsible for the hiring, retaining, overseeing, supervising and/or training of their employee.  At all times relevant to the present litigation, Defendants WALLER and/or PASCHALL were responsible for the promulgation, implementation and/or enforcement of all rules, policies, procedures and/or safety standards governing Defendant employee.  Therefore,

under the law, Defendants WALLER and/or PASCHALL are responsible and liable for Plaintiffs' injuries and damages.

24. Plaintiff would also show that Defendants' employee was within the course and scope of his employment, under the control and/or subject to the control of Defendants WALLER and/or PASCHALL and/or their agents. Therefore, under the law, Defendants WALLER and/or PASCHALL are responsible for the negligence of Defendants employee and is liable for Plaintiffs' injuries and damages.

25. Plaintiff would further show that at the time of the collision in question, and at all other times material hereto, the vehicle being operated by the employee was owned, operated and/or leased by Defendant WALLER and/or PASCHALL and/or their agents. Therefore, under the law, Defendant WALLER and/or PASCHALL is responsible for the negligence of Defendants and is liable for Plaintiffs' injuries and damages.

26. Plaintiff would further show that at the time of the collision in question, and at all other times material hereto, the truck being operated by the employee was subject to and/or under the control of Defendants WALLER and/or PASCHALL and/or their agents and/or employees. Therefore, under the law, Defendants WALLER and/or PASCHALL are responsible for the negligent use and/or operation of the 18 wheeler made the basis of the present litigation and is liable for Plaintiff's injuries and damages.

27. Plaintiffs sues Defendants, jointly and severally, for her damages as set out herein.

## VI.
## DAMAGES

28. This is an action to recover all damages provided by law and/or equity for the injuries and damages Plaintiff sustained as a result of the acts and/or omissions of Defendants and

their officers, agents, partners, servants, principals, vice principals, borrowed servants, employees and/or representatives.

29.    As a result of the occurrence in question, Plaintiffs sustained physical damages including but not limited to serious personal injuries, mental anguish, physical pain and suffering, impairment, disability in the past and future, and reasonable medical expenses. The Plaintiffs will respectfully request the Court and Jury to determine the amount of loss the Plaintiffs have incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiffs are entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiffs for their injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

   a. The physical pain that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

   b. The mental anguish that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

   c. The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiffs' injuries from the date of the accident in question up to the time of trial and in the future;

   d. The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiffs from the date of the occurrence in question up to the time of trial and in the future; and

   e. The physical impairment which the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future.

   f. The property damage sustained to Plaintiff's vehicle

30.    The Plaintiffs have sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiff herein reserves the

right to plead more specifically and to show more specifically at trial all of those elements of damage.

## VII.
## JURY DEMAND

31. Plaintiff hereby requests a jury trial and tenders the requisite jury fee.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that Plaintiff have judgment against the Defendants as follows:

1. Judgment against the Defendants for a sum established by proof at trial that is within the jurisdictional limits of this Court;

2. Actual and consequential damages;

3. Exemplary and/or punitive damages;

4. Prejudgment interest as provided by law;

5. Post judgment interest as provided by law;

6. Costs of court; and

7. All other damages, general and special, in law and in equity to which Plaintiff may show herself justly entitled.

Respectfully submitted

**TRITICO RAINEY, PLLC.**

/ s / Ron S. Rainey
Ron S. Rainey
Federal Bar No. 10076
State Bar No. 16484425
L. James Krell
Federal Bar No. 1091708
State Bar No. 24072191
1523 Yale Street
Houston, Texas 77008
713-581-3399 Telephone
713-581-3360 Facsimile